1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUDY AROCHA,                              No.  2:22-cv-0638 CKD P

12            Plaintiff,

13       v.                                    ORDER AND

14   RALPH M. DIAZ,                            FINDINGS AND RECOMMENDATIONS

15            Defendant.

16

17          On April 8, 2022, defendant removed this action from the Superior Court of Sacramento

18   County pursuant to 28 U.S.C. § 1441(a).  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has filed a motion to remand this action back to Sacramento County.  Plaintiff

21   asserts that the court does not have jurisdiction over plaintiff's only claim which arises under

22   California Civil Code § 52.1, also known as the Tom Bane Civil Rights Act.  Under that law, an

23   individual can file suit if the "exercise or enjoyment of rights secured by the Constitution or laws

24   of the United States, or rights secured by the Constitution or laws of [California], has been

25   interfered with, or attempted to be interfered with."

26          In his complaint, plaintiff alleges the violations of law which form the basis of his Bane

27   Act claim include violations of his right to due process, equal protection and to be free of cruel an

28   unusual punishment.  These are all United States and California constitutional protections.  In his

1

1    complaint, plaintiff does not specify whether the underlying violations of law arise under

2    California or federal law.

3          Title 28 U.S.C. § 1331, grants U.S. District Courts original jurisdiction over any claim

4    arising under federal law.  The Supreme Court has clarified the instances in which a federal court

5    has subject matter jurisdiction include "where the vindication of a right under state law

6    necessarily turned on some construction of federal law. . ." Franchise Tax Bd. of State of Cal. v.

7    Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 9 (1983).   However, just because

8    an element that is essential to a particular theory of recovery is governed by federal law does not

9    mean that the claim actually arises under federal law for purposes of 28 U.S.C. § 1331.

10   Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 811 (1988).  The burden of

11   establishing federal jurisdiction is on the party seeking removal.  Wilson v. Republic Iron & Steel

12   Co., 257 U.S. 92, 97 (1921).

13         The rule of law announced by the Supreme Court in Christianson is determinative here.

14   An element of plaintiff's Bane Act claim could be satisfied by a showing of a violation of federal

15   law, but it also could be satisfied by a violation of state law.  This is not sufficient to establish

16   subject matter jurisdiction under 28 U.S.C. § 1331 over plaintiff's Bane Act claim.  This being

17   the case, plaintiff's motion for remand should be granted and this case remanded back to the

18   Superior Court of Sacramento County.

19         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district

20   court judge to this case.

21         IT IS HEREBY RECOMMENDED that:

22         1.  Plaintiff's motion to remand this case to the Superior Court of Sacramento County

23   (ECF No. 5) be granted; and

24         2.  This case be remanded to the Superior Court of Sacramento County.

25         These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  February 6, 2023

6   
   CAROLYN K. DELANEY
7   UNITED STATES MAGISTRATE JUDGE

8

9

10   1
11   aroc0638.rem

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3